NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY CARE HEALTH PLAN OF NEVADA, INC., *et al.*,<br><br>Defendants. | Civil Action No. 23-04727 (GC) (JBD)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendants Community Care Health Plan of Nevada, Inc., and Anthem Insurance Companies, Inc.'s joint Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) or for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 21.) Plaintiff Abira Medical Laboratories, LLC, opposed, and Defendants replied. (ECF Nos. 23 & 26.) The Court carefully considered the submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED** in part and **DENIED** in part. The case is **DISMISSED** due to lack of personal jurisdiction.

**I.   BACKGROUND**

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court for the District of New Jersey or had removed here from

the Superior Court of New Jersey since June 2023. In each of these cases, Plaintiff sues for unpaid or underpaid claims for laboratory testing that Plaintiffs allegedly performed.

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (ECF No. 1-1 ¶ 2.) Plaintiff "operated a licensed medical testing laboratory business, which provided services nationwide," and Plaintiff "performed clinical laboratory, toxicology, pharmacy, genetics, and addiction rehabilitation testing services on specimen," including "COVID-19 testing services." (*Id.* ¶¶ 11-13.)

Defendant Community Care Health Plan of Nevada, Inc., has its principal place of business in Nevada. (*Id.* ¶ 3-4.) Plaintiff alleges that Community Care Health "provides health insurance services throughout New Jersey." (*Id.*) Defendant Anthem Insurance Companies, inc., has its principal place of business in Indianapolis, Indiana. (*Id.* ¶ 4.) Plaintiff alleges that Anthem Insurance "provides health insurance services throughout New Jersey." (*Id.*)

Plaintiff alleges that it performed laboratory testing services and that Defendants "refused to pay Plaintiff for services rendered," including "fail[ing] to pay or underpa[ying] Plaintiff for COVID-19 diagnostic testing." (*Id.* ¶ 1, 12, 34.) The amount due for these unpaid claims is alleged to total about $279,584. (*Id.* ¶ 1.) Plaintiff does not identify the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, or any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendants.

Plaintiff asserts eight causes of action against Defendants, their affiliates, and unnamed entities/persons: Count One for breach of contract; Count Two for breach of implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for equitable and promissory estoppel; Count Six for quantum meruit/unjust enrichment; Count Seven for violations of the Families First Coronavirus Response

2

Act and the Coronavirus Aid, Relief, and Economic Security Act; and Count Eight for violations of the New Jersey Consumer Fraud Act. (*Id.* at 8-15.[1])

This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1.) On March 8, 2024, Defendants moved to dismiss the Complaint pursuant to Rules 12(b)(2) and 12(b)(6). (ECF No. 30.) Plaintiff opposed on April 1, and Defendants replied on April 22. (ECF Nos. 23 & 26.)

II.   **LEGAL STANDARD**[2]

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a statute does not authorize nationwide service of process, federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.").

"New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (first citing N.J. Court Rule 4:4-4(c); and then citing *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986)). Therefore, the key inquiry on a motion to dismiss for lack of personal jurisdiction is whether, under the Due Process Clause, "the

---

[1]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]   Because the Court determines that it lacks personal jurisdiction and does not reach the motion to dismiss for failure to state a claim, the Rule 12(b)(6) standard is not recited. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case.").

defendant has certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

A district court can assert either general jurisdiction (*i.e.*, "all-purpose" jurisdiction) or specific jurisdiction (*i.e.*, "case-linked" jurisdiction) over a defendant that has minimum contacts with the forum. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). For foreign corporations, a "court may assert general jurisdiction . . . to hear any and all claims against them when their affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 384 (3d Cir. 2022) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To assert specific jurisdiction over a foreign corporation there are two primary elements that must be met: "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state. Second, the contacts must give rise to—or relate to— plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021)). If these elements are met, the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

### III. DISCUSSION

#### A. PERSONAL JURISDICTION

The Court will first examine whether there is general jurisdiction over Defendants in New Jersey and then, if no general jurisdiction, whether there is specific jurisdiction.

##### i. GENERAL JURISDICTION

"For a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation [or formation]; and (2) the principal place of business." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)); *see also Fischer*, 42 F.4th at 383 ("For a corporation, general jurisdiction is only proper in states where the corporation is fairly regarded as 'at home,' which generally is restricted to the corporation's state of incorporation or the state of its principal place of business."). "[G]eneral jurisdiction may [also] arise in the 'exceptional case' where 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Display Works*, 182 F. Supp. 3d at 173 (citation omitted); *see also Daimler AG*, 571 U.S. at 139 n.19. Such an exceptional case requires a plaintiff to furnish at least some evidence that reasonably suggests that a corporate entity's contacts with the forum state are so substantial that they surpass the entity's contacts with other states. *See, e.g., Ontel Prod. Corp. v. Mindscope Prod.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016) ("[Plaintiff] does not provide any evidence that reasonably suggests that indirect sales in New Jersey occur at all or that those sales surpass [the defendant's] third party sales made elsewhere.").

Here, Plaintiff pleads that Defendants have their principal places of business in Nevada and Indiana, and there is no allegation that Defendants were incorporated or have substantial operations in New Jersey. (ECF No. 1-1 ¶¶ 3-5.) Indeed, Defendants submit a declaration from

5

Dianna Moeller, Senior Legal Specialist at Elevance Health, Inc., the indirect holding company of Community Care Health and the direct holding company of Anthem Insurance, who declares that Defendants "are not incorporated or organized under the laws of the State of New Jersey," are not licensed to conduct business in New Jersey[] nor . . . conduct any business in New Jersey," and do not "fund, administer, or underwrite any claims for benefits in New Jersey." (ECF No. 21-2 ¶¶ 7-9.) There is thus nothing in the record to suggest that Defendants were either incorporated or headquartered in New Jersey or that their business operations in New Jersey are so substantial that they give rise to the exceptional case of general jurisdiction.

Plaintiff's sole argument in favor of general jurisdiction is that Defendants "repeatedly did business with Abira (a New Jersey corporate citizen) for specimen testing, with an outstanding amount of approximately $279,584 unpaid, which is sufficiently substantial for this Court to exercise jurisdiction." (ECF No. 23 at 10-11.) The Court finds this argument unpersuasive. That Defendants may owe Abira a sum of money alone does not support the inference that Defendants meaningfully operate in New Jersey. And Plaintiff has offered no reason to believe that Defendants' contacts with New Jersey surpass Defendants' contacts with any other state.

### ii. SPECIFIC JURISDICTION

Specific jurisdiction allows the court to adjudicate claims levied against defendants with "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum contacts analysis focuses on whether the defendant has, by some act related to the plaintiff's current cause of action, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). And specific jurisdiction is typically present only if the plaintiff's cause of

action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court there." *D'Jamoos*, 566 F.3d at 105 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see also Ford Motor Co.*, 141 S. Ct. at 1019 ("[T]he plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum." (quoting *Bristol-Myers Squibb*, 582 U.S. at 262)).

Although a court usually determines specific jurisdiction on a claim-by-claim basis, a claim specific analysis may not be necessary "for certain factually overlapping claims." *O'Connor*, 496 F.3d at 317 n.3; *see also TorcUP, Inc. v. Aztec Bolting Servs., Inc.*, 386 F. Supp. 3d 520, 525 n.2 (E.D. Pa. 2019) ("[F]or 'certain factually overlapping claims' courts need not evaluate specific jurisdiction on a claim-by-claim basis." (citation omitted)); *HV Assocs., LLC v. PNC Bank, N.A.*, Civ. No. 17-8128, 2019 WL 13410696, at *10 (D.N.J. Apr. 18, 2019) ("Although [s]pecific jurisdiction is generally assessed on a claim-by-claim basis, 'it may not be necessary to do so for certain factually overlapping claims.'" (citation omitted)). Because Plaintiff's claims in this case all stem from the same allegation that Defendants failed to pay Abira for laboratory testing services, a claim-specific analysis is not necessary. *See Abira Med. Lab'ys, LLC v. Johns Hopkins Healthcare LLC*, Civ. No. 19-05090, 2020 WL 3791565, at *4 (E.D. Pa. July 7, 2020) ("Because [Abira's] claims all stem from the same conduct of JHHC failing to reimburse [Abira] for . . . laboratory testing services, a claim-specific analysis is not necessary.").

Plaintiff's Complaint is largely silent as to any basis for specific jurisdiction. In opposition to the motion to dismiss, Plaintiff asserts that specific jurisdiction over Defendants in New Jersey may be proper because Abira is based in New Jersey and Defendants "made direct payments to Abira for its laboratory testing services rendered for the subscribers/members of Defendants' insurance plan," medical providers in Defendants' network "order[ed] tests from Abira," and the

Employee Retirement Income Security Act of 1974 ("ERISA") has "relaxed jurisdiction requirements."³ (ECF No. 23 at 11-12.) None of these alleged bases is sufficient.

As to ERISA, the Complaint does not assert a claim under ERISA, nor does it allege that the health insurance plans at issue are in fact ERISA-governed plans. (*See generally* ECF No. 1-1.) Under similar circumstances, district courts in the Third Circuit have held that ERISA is "irrelevant" to the jurisdictional analysis. *See Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Missouri*, Civ. No. 23-4940, 2024 WL 1704981, at *4 (E.D. Pa. Apr. 19, 2024) ("[Abira] contends that . . . [ERISA] created 'relaxed jurisdictional requirements' for plaintiffs. Even if true, this would be irrelevant; the claims enumerated in [Abira's] Complaint sound in state contract and quasi-contract law, not the ERISA statute."); *Abira Med. Lab'ys, LLC v. AvMed Inc.*, Civ. No. 23-5185, 2024 WL 1651678, at *3 (E.D. Pa. Mar. 20, 2024) ("[Abira] may not evade traditional jurisdictional requirements by making a passing reference to ERISA."); *see also Evers v. Indep. Media, Inc.*, Civ. No. 10-03081, 2010 WL 11601039, at *8 (C.D. Cal. Oct. 22, 2010) ("[T]he fact that Plaintiff's Complaint makes passing reference to an ERISA-governed plan does not mean that ERISA must govern any of her claims." (emphasis removed)).

As to the allegations that Defendants paid certain claims for laboratory testing services and that third-party medical providers submitted the specimens to Plaintiffs for patients in Defendants' health network, district courts in the Third Circuit have repeatedly rejected nearly identical allegations. Courts have found that a medical provider's unilateral choice to send a patient's

---

³ The Complaint also alleges that Defendants "provide[] health insurance services throughout New Jersey," (ECF No. 1-1 ¶¶ 3-5), but such an allegation without more is insufficient to establish personal jurisdiction over Defendants. *See, e.g., Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, Civ. No. 22-6408, 2023 WL 4074081, at *3 (D.N.J. June 16, 2023) ("At most, [Abira] alleges that Cigna is registered in New Jersey and conducts business throughout the state, including Bergen County. Even when treated as true, these allegations are insufficient grounds for personal jurisdiction." (collecting cases)).

specimen to a laboratory for testing does not create personal jurisdiction over the patient's insurer in the laboratory's home state—even when the insurer pays some of the claims or communicates with the laboratory about the claims. *See, e.g.*, *Abira Med. Lab'ys, LLC v. IntegraNet Physician Res., Inc.*, Civ. No. 23-03849, 2024 WL 1905754, at *4 (D.N.J. Apr. 30, 2024) (finding no specific jurisdiction in New Jersey over Texas corporations that allegedly paid twenty claims to Abira in New Jersey); *Abira Med. Lab'ys, LLC*, 2024 WL 1704981, at *3 (finding specific jurisdiction lacking over Missouri health insurers because sending laboratory samples for testing in Pennsylvania and communicating with regard to reimbursement requests fell "well short [of] the kind of 'deliberate targeting of the forum' that is necessary to establish specific personal jurisdiction" (citation omitted)); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *2 ("Sending payments to Pennsylvania alone—where the contract was not negotiated or executed there—does not constitute 'purposeful availment.'"); *Abira Med. Lab'ys LLC v. Molina Healthcare of Fla., Inc.*, Civ. No. 24-506, 2024 WL 1182855, at *3 (E.D. Pa. Mar. 19, 2024) (finding specific jurisdiction lacking over a Florida corporation because "[p]atients' physcians' decision to utilize Plaintiff's services in Pennsylvania [was] that type of 'unilateral activity' of a third party that should not subject a defendant to jurisdiction in a forum that it itself had not created contact with"); *Abira Med. Lab'ys, LLC*, 2023 WL 4074081, at *3 (finding specific jurisdiction lacking in New Jersey where it was merely alleged that the defendant was "registered in New Jersey and conduct[ed] business throughout the state" (collecting cases)); *Abira Med. Lab'ys, LLC v. Humana Inc.*, Civ. No. 22-06190, 2023 WL 3052308, at *3 (D.N.J. Apr. 24, 2023) (finding specific jurisdiction lacking in New Jersey where it was alleged that the defendant "and certain unnamed subsidiaries or affiliates failed to reimburse [Abira] for medical services provided to individuals covered by health insurance plans offered by [the defendant] and these other entities"); *Abira Med. Lab'ys, LLC*, 2020 WL 3791565, at *5 (finding no specific jurisdiction over a Maryland limited

9

liability company in Pennsylvania despite the allegation that the defendant had previously paid for some of the laboratory testing services performed in Pennsylvania); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) ("[I]nformational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." (citation omitted)); *M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476, 492 (E.D. Pa. 2021) ("'[I]nfrequent or minimal communication' is [not] sufficient to establish purposeful, minimal contacts." (citation omitted)).

Here, too, Plaintiff has not established that Defendants have the requisite minimum contacts with New Jersey to find that they purposefully availed themselves of the New Jersey forum or that the claims at issue—Defendants' alleged failure to reimburse Plaintiff for testing services provided to Defendants' members—arise from or relate to Defendants' contacts with New Jersey. Accordingly, this Court does not have specific jurisdiction over Defendants.[4]

### B. Transfer of Venue

Where jurisdiction is lacking, a district "court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in . . . the court

---

[4] The Court is unconvinced that jurisdictional discovery would uncover evidence that would alter the conclusion, and the Court sees no reason to grant discovery when Plaintiff has not offered a sense of what relevant jurisdictional facts discovery might uncover. *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 225 (D.N.J. 2020) ("The facts and allegations do not rise to the level where I, within my discretion, would permit further exploration through jurisdictional discovery."); *see also Abira Med. Lab'ys*, 2023 WL 4074081, at *3 ("[J]urisdictional discovery is unwarranted because the Complaint does not include 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003))); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *3 (same).

to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred."[5] 28 U.S.C. § 1631. The Third Circuit Court of Appeals has explained that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). But "[t]he district court does . . . have 'broad discretion' not to transfer." *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)). "And though [the district court] may transfer a case at the parties' request or *sua sponte*, it need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Id.* (citations omitted).

Here, the Court does not find that it is in the interest of justice to transfer. The parties have not engaged in discovery or significant briefing. Plaintiff has not raised any concern that its claims might become time-barred if the case were dismissed for lack of personal jurisdiction rather than transferred. Defendants have also not sought transfer. Because the Court is unaware of what interests and intentions may have led the parties not to seek transfer, the case shall be dismissed without prejudice. *See, e.g., Rinaldi v. FCA US LLC*, Civ. No. 22-00886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) ("It is further due to this lack of briefing that the Court is unaware of any interests and intentions that have led the parties to choose not to seek transfer. Therefore, the Court will not *sua sponte* transfer this matter when doing so may be counter to those interests and intentions."); *Klick v. Asbestos Corp., Ltd.*, Civ. No. 20-16654, 2021 WL 2666709, at *4 (D.N.J. June 28, 2021) ("[A]s the parties have not identified courts that may hear this case, nor have Plaintiffs argued they would be barred from refiling elsewhere, the Court declines to sever and transfer the claims against Boeing to another jurisdiction.").

---

[5] *See North v. Ubiquity, Inc.*, 72 F.4th 221, 227 (7th Cir. 2023) ("[E]very circuit court to address this issue has agreed that § 1631's reference to 'jurisdiction' encompasses personal jurisdiction as well as subject matter jurisdiction.").

## IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss the Complaint is **GRANTED** in part and **DENIED** in part.[6]  An appropriate Order follows.

Dated:  August 22, 2024

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[6]   The Court does not reach the Rule 12(b)(6) arguments as to why Plaintiff's claims fail as a matter of law.